### W. W. SCOTT v. THE STATE.

No. 2315. Decided April 30, 1902.

**Right to Representation by Counsel—Postponement—Practice.**

On a trial for assault with intent to rape, where defendant had employed an attorney who, alone, was familiar with the case and had prepared himself for the trial, and said attorney had been arrested and was placed in jail, after the jury was impaneled, as an accomplice to a murder committed on the day of the trial; and the court appointed an attorney to represent defendant and, over defendant's protest, refused to postpone the trial; Held, the trial should have been postponed until defendant's attorney had been discharged or admitted to bail.

Appeal from the Criminal District Court of Harris. Tried below before Hon. A. C. Allen.

Appeal from a conviction of assault with intent to rape; penalty, three years imprisonment in the penitentiary.

The following statement is reproduced from the brief of appellant, viz:

Appellant was arrested on the 4th day of January, 1901, on the charge of criminal assault, alleged to have been committed upon Dora Kunst, in Harris County, Texas, on said day. He was subsequently indicted by the grand jury of said county, and first tried at the June term, 1901, and convicted, and a verdict of five years given him, which conviction the trial judge set aside because of the insufficiency of the evidence, and the misconduct of the jury in receiving other evidence after their retirement to consider of their verdict, and finally, on December 10, 1901, the cause came on for a second trial, but was postponed until the morning of the 11th, to secure the attendance of a witness, before the announcement of defendant. At 9 o'clock a. m. of said December 11th, the case was again called, and both sides announced ready, and the selection of a jury was entered upon, which task exhausted the regular panel and two special lists of talesmen, and occupied the day until about 4 o'clock p. m., or a little thereafter, when, at the request of the district attorney, court took a recess until 9 o'clock of the morning of the 12th. Some time in the afternoon of December 11, 1901, and before the adjournment of said Criminal District Court for said day, two policemen and one Sid Preacher were killed in the city of Houston at a point a half mile or more distant from the courthouse in which said trial was in progress, and at about 7 o'clock p. m. of said day appellant's only counsel, J. B. Brockman, was arrested

charged with said murder, and was incarcerated in jail and held until the next morning, when he applied for habeas corpus hearing for release from said charge, the justice who issued the warrant having refused to comply with the law requiring the production of said attorney before him for an examining trial, or for the setting of an examining trial. This writ was granted, but was not acted on, that is, was not set down until the morning of the 14th of December, 1901, and was finally not actually brought to a hearing, or rather for an appearance in court, until about 4 p. m. of said day. In the meantime the court had ordered defendant's trial to proceed over appellant's objection, and over appellant's objection appointed W. F. Tarver, Esq., a young attorney at the Harris County bar, to defend appellant. This action was also objected to by said appointed counsel, but the objections were overruled, and appellant was forced to trial without his said counsel, and on said 14th day of December, and at the time his said counsel was in court for a habeas corpus hearing, and just a few moments before he was admitted to bail, to give the district attorney time to inquire into said charge against him, the jury returned a verdict finding appellant guilty of assault with intent to rape, and assessing his punishment at confinement in the penitentiary for three years. His said counsel was subsequently honorably discharged upon the motion of the district attorney from said charge, and was also exonerated by the grand jury who had examined into the accusation.

*Brockman & Kahn,* for appellant.—Appellant was entitled to have his cause postponed for a reasonable time to see what attitude his counsel would be in in the matter of being in a position to conduct his case, or his cause should have been withdrawn from the jury and a continuance entered to the next term, so that in either event he would have an opportunity of having the benefit of his own counsel, who was familiar with the witnesses and with the case, to defend him. Const., art. 1, sec. 10; Tooke v. State, 23 Texas Crim. App., 10; Daugherty v. State, 33 Texas Crim. Rep., 133; Valle v. State, 9 Texas Crim. App., 57.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an appeal from a conviction of assault with intent to rape, the punishment being assessed at three years confinement in the penitentiary.

On the evening of the 11th day of October, 1901, the jury was completed, impaneled and sworn. Subsequent to the impanelment of the jury J. B. Brockman, appellant's only attorney, and who alone was familiar with the facts of the case, and who had prepared himself for the trial, was arrested on a warrant from the justice court, charging him with having advised one Sid Preacher that should the police force of Houston attempt to arrest him unlawfully that he (Preacher) would have the right to resist such unlawful arrest with such force as might

be necessary to prevent the unlawful arrest; even to the extent of taking life, should that degree of force be necessary to prevent the unlawful arrest. The killing of the policeman by Preacher occurred on the evening of the 11th, after the impanelment of the jury, and Brockman's (appellant's) attorney was placed in jail. On the morning of the 12th no counsel appearing for defendant, W. F. Tarver, an attorney of the Houston bar, was appointed to proceed with the case. He strenuously objected, and asked that Brockman be brought into court and allowed to proceed with the trial, because he alone was familiar with the case, was the regularly employed attorney, and no reason existed why said Brockman should not be permitted to proceed with the trial; and further that there was no legal ground for his detention. Brockman was kept in jail until the end of the trial, and the cause proceeded with the appointed counsel, Tarver, representing appellant. About the termination of the trial, or just afterwards, Brockman was released from custody. Effort was made to have appellant's case postponed until the charge against Brockman could be disposed of, to the end that Brockman might appear as appellant's counsel. These matters were refused by the court, and Brockman did not appear for defendant. The case should either have been withdrawn from the jury and continued, or the trial postponed until Brockman's case could have been disposed of by the trial court, to the end that he might appear in appellant's behalf. Viewed in the light of the record, under the subsequent action of the court in regard to Brockman, he had been guilty of no violation of the law; and under the circumstances these matters should have been disposed of, and if there was no case against Brockman, as subsequently shown, he should have been discharged, so that he might defend his client, and his client was entitled to the defense of his attorney. Or, if the facts developed were sufficient to hold Brockman under bail, he should have been granted bail; and to this end the trial of the case should have been postponed. Brockman was not under indictment, nor under conviction; and we gather from the facts stated, that he was arrested as an accomplice to Preacher, who had engaged in a difficulty with a policeman, for having given the legal advice stated above. This necessitates a reversal. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*