**V. A. GOMEZ, Petitioner,**

v.

**Jack HEARD, Acting Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 14153.**

United States District Court
S. D. Texas,
Houston Division.
July 19, 1962.

---

6. Note 1 supra.

7. Plaintiff's exhibit 1, "I. Coverage."

8. Note 4 supra.

9. Note 4 supra.

Bernard A. Golding, Houston, Tex., for petitioner.

Will Wilson, Atty. Gen. of Texas, I. Raymond Williams, Jr. and Leon F. Pesek, Asst. Attys. Gen., Austin, Tex., for respondent.

INGRAHAM, District Judge.

V. A. Gomez, a prisoner in state custody, petitions this court for writ of habeas corpus.

The substantial issue in this case is the claim of the petitioner Gomez that he was denied due process of law in that he was denied the right to assistance of counsel of his own choice.

Gomez was indicted in the 118th District Court of Howard County, Texas, for the offense of receiving and concealing stolen property of the value of over $50. He was convicted and sentenced to confinement in the state penitentiary for a term of not less than two years and not more than seven years.

The evidence adduced upon the hearing in this court indicates that he consulted with a number of attorneys in the West Texas area in and around Big Spring in Howard County, Texas, concerning the matter of employment to defend him of the charge. There is no conclusive evidence that he employed any of them. Gomez did employ Mr. Bernard A. Golding, an attorney of Houston, Texas, to defend him.

When the case was called for trial on December 5, 1960, Gomez appeared without counsel and filed a motion for continuance, drafted by and supported by the affidavit of Mr. Golding, stating that Golding was then engaged in trial of a case in New York and praying that the case be continued until such reasonable time as the attorney could appear. The motion was denied. The trial court thereupon appointed an attorney of the Big Spring Bar, Mr. W. H. Eyssen, Jr., to defend Gomez. Gomez protested the appointment of Eyssen and claimed his right to be defended by the attorney of his choice. Gomez was not an indigent person. The defendant Gomez was put to trial with his court-appointed counsel, Mr. Eyssen, resulting in the conviction of the defendant as aforesaid.

In MacKenna v. Ellis, 5 Cir., 280 F.2d 592, appealed from this court, the Court of Appeals held that defendant was entitled to an attorney of his own choice. The case of Gomez is stronger than that of MacKenna. MacKenna stated that he was negotiating with counsel of his own choice to handle the case, whereas Gomez had employed Mr. Golding.

While the consensus of authority in Texas is that the fact that a defendant's attorney is engaged in another court does not, of itself, entitle the defendant to a continuance, in Richardson v. State of Texas, 162 Tex.Cr.R. 607, 288 S.W.2d 500, the Court of Criminal Appeals of Texas held, in a case where the trial judge knew that the attorney chosen by defendant was engaged in trial in another court, that the trial court abused its discretion in refusing to postpone the trial. In the case of Gomez it was his first motion for continuance.

I am of the opinion that Gomez was denied the right of assistance of counsel of his own choice and that such was a denial of due process of law.

The petition for writ of habeas corpus will be granted and the petitioner discharged from custody of the respondent under authority of the judgment of the 118th District Court of Howard County, Texas, without prejudice to the state to retry the petitioner upon the indictment within a reasonable time.

Counsel will promptly draft and submit judgment accordingly.