**Ex parte Asberry B. BUTLER, Jr.**

No. 36054.

Court of Criminal Appeals of Texas.

Oct. 23, 1963.

Bobby H. Caldwell, Houston, for petitioner.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, for respondent.

 

BELCHER, Commissioner.

This is an original habeas corpus proceeding in which relator seeks release from custody under a judgment for contempt.

The record reveals that the relator Asberry B. Butler, Jr., is a member of the State Bar of Texas and represented Howard Harris who was charged with a criminal offense pending in County Court at Law No. 3 of Harris County, which cause was set on the "call of the docket" for 9:00 a. m., June 18, 1963; and he also represented another person charged with an offense pending in County Court at Law No. 1, which was set on the "call of the docket" for the same time. Relator, accompanied by Harris, shortly before 9:00 a. m. entered the courtroom of County Court at Law No. 3. He advised Harris that if the Judge called his case before he returned to inform the Judge that he had gone to County Court at Law No. 1 where he had another call of the docket to answer at 9:00 a. m., and that he would soon return. These two courts were located in the same building. At 9:00 a. m., Harris' case was called in County Court at Law No. 3, at which time Harris informed the Judge that he was represented by the relator. The relator returned to County Court at Law No. 3 between 9:10 and 9:20 a. m., and was informed by the Judge that he had been held in contempt for being late.

We express serious doubt as to the sufficiency of the notice of the show cause order and the timely service of it on the relator.

The relator was representing two clients who had cases on the "call of the docket" in different courts of equal jurisdiction at the the same time. Therefore he could not answer both calls of the docket.

The state relies on the judgment of contempt entered following a hearing by the court. There was no evidence of the time used during the call of the docket in County Court at Law No. 3, or, that a setting of the Harris case was made when it was called. It appears that any setting for trial of the Harris case would not have caused a postponement of the trial beyond 9:10–20 a. m., that is, a delay of ten to twenty minutes due to the absence of counsel.

These facts and circumstances do not reveal any reasonable ground for holding the relator in contempt. Richardson v. State, 162 Tex.Cr.R. 607, 288 S.W.2d 500.

The application for the writ of habeas corpus is granted and the relator is ordered discharged.

Opinion approved by the Court.