Opinion issued February 18, 2010















In The
Court of Appeals
For The
First District of Texas







NO. 01-08-00262-CR
____________

ARTHUR CARSON, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 77th District Court
Limestone County, Texas
Trial Court Cause No. 11264A
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Arthur Carson, guilty of the offense of possession of
a controlled substance in the amount of less than one gram.


 After appellant pleaded
true to the allegations in two enhancement paragraphs that he had previously been
convicted of two felony offenses, the trial court assessed his punishment at
confinement for six years.


 In one issue, appellant contends that the trial court erred
in denying his motion for continuance.
          We affirm.
Factual and Procedural Background
          At trial, Mexia Police Department Officer C. Winkler testified that on March
16, 2007, he saw appellant fail to signal a left turn at an intersection after he had
heard appellant “rev” the engine of his truck as he drove by Winkler. After Winkler
activated the emergency lights on his patrol car, appellant drove his truck into the
driveway of a home and “jumped out of the truck and took off running.” Winkler
pursued appellant to the backyard but lost sight of him. Appellant then emerged from
the weeds of “an abandon[ed] trailer right across the road and . . . came up walking
from the trailer with his hands up and he said, ‘Here I am, here I am.’” Winkler
arrested appellant for evading arrest and took him back to his patrol car. He searched
appellant’s truck and found a small baggie of a substance on the seat and another
small rock of a substance in the driver’s side door jamb. The substances field tested
positive as crack cocaine, and a laboratory confirmed the substances to be 0.45 grams
of crack cocaine.
          Prior to trial, on April 4, 2007, at a hearing before a magistrate, the trial court
appointed as appellant’s trial counsel, Shirley Spivey, who filed a motion for
discovery on July 9, 2007. On October 10, 2007, she filed a motion for a continuance
for the trial scheduled for October 22, 2007. The trial court moved the trial date to
November 26, 2007, and then to November 29, 2007, and finally to January 28, 2008. 
The trial court informed Spivey that the case was the first alternate case scheduled for
that date behind a civil case. The State subpoenaed all of its witnesses to appear on
that date.
          At approximately 4:00 p.m. on January 25, 2008, the trial court confirmed to
Spivey that the civil case would not be tried and appellant would go to trial on
January 28. At approximately 2:30 p.m. on January 25, 2008, Spivey filed a
document titled “Defendant’s Election as to Punishment, a Motion in Limine
Concerning ‘Field Tests’ of Alleged Controlled Substances, a Motion for Production
of Writings and Statements and for Recess, and a Motion Invoking ‘The Rule.’” At
approximately 4:30 p.m. that same day, Spivey filed a motion for continuance stating
that she had insufficient time to prepare for trial.
          On January 28, 2008, the trial court held a hearing on appellant’s motion for
continuance. Spivey told the court,
I filed a motion for continuance on Friday because the bulk of the week
I was led to believe the civil case was going to be tried and I did not find
out until, I guess [4:30 p.m.] on Friday that I was actually number one. 
And, frankly, Judge, I am not prepared to go forward with this case. I
have not issued any subpoenas, have not had an opportunity to really
discuss the case with my client nor to prepare him for trial. . . . I have
been in trial in December and January and in all fairness to Mr. Carson,
I realize that I had notice that this case was set but I spent the last four
days of last week at this courthouse, the week before that I was in trial
for five days. I’m not ready for this trial. It will be unfair to force us to
trial today. I have not had an opportunity to actually prepare for this
case. I do not have not one single witness subpoenaed. . . . I’ve been
his attorney for a while [since April 4, 2007]. And we have been — set
on the docket before but we have not been reached. And honestly,
Judge, I’m sorry but I cannot get ready for ten cases so I have never
gotten ready for this case because it has never been reached. This is the
first time that it has been reached for trial. This is my first motion for
continuance, the only continuance I’ve filed in the case.

The State responded:
 
[W]e were somewhat in the same boat as [trial counsel]. We were told
that the other — that the case was going to go and we found out late
Friday. We do have the folks here that are necessary to — to try the
case. The officers are here. The lab folks are on standby . . . I
understand the position she’s in . . . but I would like to get something
done on the case.

The trial court explained:
 
And as an assigned judge, I was informed like a week or so before that
the court had set up a list of cases and that this one was — was behind
the civil case but that this one was number one behind the civil case and
that was more than a week ago. And, of course, there’s always the
possibility that a — a latter case is going to come to the top. I’m — I’m
going to deny the motion for continuance. We can pick a jury but we
won’t start any evidence until tomorrow, but we’re — we’re not going
to put it off anymore.

          The parties conducted voir dire and selected a jury, and the case proceeded to
trial the following day. Spivey vigorously cross-examined Officer Winkler and each
of the State’s other witnesses, made motions to inspect, examine, and test physical
evidence, to dismiss, for recess at the close of the State’s case-in-chief, to limit the
State’s argument, and for a hearing outside the presence of the jury. She also called
a witness to attack the search of appellant’s truck and the field testing of the
substance found in the truck.
Motion for Continuance
          In his sole issue, appellant argues that the trial court erred in denying his
motion for continuance because Spivey was “wholly unprepared” for trial and she did
not have “sufficient time to get ready.”
          A criminal trial “may be continued on the written motion . . . of the defendant,
upon sufficient cause shown.” Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon
2006). We review a trial court’s decision to grant or deny a motion for continuance
for an abuse of discretion. Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App.
1996). A trial court abuses its discretion in denying a motion for continuance if a
defendant has shown that he “was prejudiced by his counsel’s inadequate preparation
time.” Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). Such
prejudice includes “unfair surprise or an inability to effectively cross-examine any of
the State’s witnesses or that crucial testimony would have been given by potential
witnesses.” Janecka, 937 S.W.2d at 468. A trial court does not abuse its discretion
in denying a motion for continuance based on a mere desire for more time to prepare. 
Id.
          Appellant first complains of “the lack of any preparation being done by counsel
for trial.” However, although Spivey had told the trial court that she “[had] never
gotten ready for the case,” she had been appellant’s trial counsel for about nine
months; was aware at least one week before trial that appellant’s trial was scheduled
first behind the civil trial set for January 28, 2008; and had filed several pre-trial
motions before being notified that appellant’s case would actually go to trial. Also,
she had already filed several other pretrial motions and been granted one prior
continuance. 
          At the hearing on his motion for continuance, appellant testified that “I’ve
continued to give [Spivey] all the information that I needed to go to trial as far as my
witnesses, everything that happened that night”; she had failed to obtain the “Brady”



dashboard camera videotape of the traffic stop that supported his version of the
events; and she did not know “what I’m in here for. . . . [H]ow can she represent me
if she don’t even know the case?” On cross-examination, appellant admitted that he
understood that Officer Winkler’s video was not available because it had been
recorded over. He further provided the name of only one witness who had not been
subpoenaed. Although appellant stated that “[the witness] know[s] everything that
went on the whole night because I had just got off work and we was all at the house,”
he did not explain the specific testimony that the witness would offer. 
          During the trial, Spivey spent a lengthy amount of time cross-examining each
of the State’s witnesses in detail about their procedures for handling evidence and
conducting searches, probable cause for the traffic stop, the failure to preserve the
video recording of the traffic stop, and procedures for testing the substances
recovered. 
          In Heiselbetz, the Texas Court of Criminal Appeals held that the trial court did
not abuse its discretion in denying a motion for continuance when a solo-practitioner
had forty-three days to prepare for a capital murder trial that included “eighty-seven
potential witnesses . . ., including fourteen names added only two weeks before trial
was set to begin; . . . over one hundred potential exhibits, ninety-five of which were
actually introduced; and counsel could not adequately review medical records which
contained potential mitigating evidence.” 906 S.W.2d at 511. The court concluded
that the defendant did not establish “any specific prejudice to his cause arising from
the trial court’s failure to continue the trial,” that is, no unfair surprise or any inability
to effectively cross-examine any of the State’s witnesses. Id. at 511–512.
          Here, as in Heiselbetz, although Spivey stated that she was unprepared, her
vigorous cross-examination of the State’s witnesses did not demonstrate an inability
to effectively cross-examine. Nor did appellant’s testimony at the hearing on his
motion for continuance reveal any crucial evidence that would be excluded at trial if
his motion was denied. On these facts, we conclude that appellant has not
demonstrated any actual prejudice to his defense by the denial of his motion for
continuance. 
          Appellant further asserts that “[t]his right of having adequately prepared
counsel sounds in due process: (1) the right to have counsel, (2) the right to a minimal
quality of counsel, (3) the right to a reasonable opportunity to select and be
represented by chosen counsel, and (4) the right to a preparation period sufficient to
assure at least a minimal quality of counsel.” In support of his proposition that
“denial of a continuance . . . resulted in representation by counsel who was not
prepared,” appellant relies on Richardson v. State, 288 S.W.2d 500 (Tex. Crim. App.
1956), Stevens v. State, 82 S.W.2d 148 (Tex. Crim. App. 1935), Kuehn v. State, 85
S.W. 793, 794 (Tex. Crim. App. 1905), Daughtery v. State, 26 S.W. 60 (Tex. Crim.
App. 1894), and Scott v. State, 68 S.W. 171 (1902). 
          In Richardson, the Texas Court of Criminal Appeals held that the trial court
erred in forcing the defendant to trial with an unprepared attorney when her retained
attorney had been detained at another trial that same day and she had requested a
postponement of only one day. 288 S.W.2d at 501. In Stevens, Kuehn, and
Daughtery, the Texas Court of Criminal Appeals held that the trial courts erred in
forcing the defendants to represent themselves at trial after their trial counsel had
informed the court that they were too ill to proceed. Stevens, 82 S.W.2d at 149;
Kuehn, 85 S.W. at 793–94; Daughtery, 26 S.W. at 60–61. In Scott, the Texas Court
of Criminal Appeals held that the trial court erred in forcing the defendant to trial
with unprepared counsel after his chosen attorney, who was the only attorney familiar
with the case, had been arrested after the jury had been impaneled. 68 S.W. at
171–72. 
          In this case, Spivey was not absent due to sickness or appearance in another
trial the same day. Appellant was represented by his appointed trial counsel, who was
not unfamiliar with the case, having had the case for about nine months. Spivey did
not ask for a short continuance but “an order continuing this cause until some future
date” without specifying a time frame. The trial court delayed the presentation of
witnesses for a day, and Spivey ably represented appellant at trial, putting the State
to its burden of proof. 
          Finally, appellant points to no particular prejudice from the denial of the
continuance. That appellant desired more time to prepare did not entitle him to a
continuance. See Janecka, 937 S.W.2d at 468. 
          Accordingly, we hold that the trial court did not err in denying appellant’s
motion for continuance.
          We overrule appellant’s sole issue.Conclusion
          We affirm the judgment of the trial court.


                                                                        Terry Jennings 
                                                                        Justice

Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).