**Ex parte Hal Dean WINDHAM.**

No. 68835.

Court of Criminal Appeals of Texas, En Banc.

June 23, 1982.

Frank Maloney and John A. Yeager, Austin, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

This is a post-conviction proceeding in which the petitioner seeks relief under the provisions of Article 11.07, V.A.C.C.P.

The petitioner was convicted of the offense of theft of property of a value over $10,000 in Comanche County. The punishment was enhanced to imprisonment for thirty years. The petitioner appealed to this Court but his conviction was affirmed in an unpublished per curiam opinion, *Windham v. State*, (No. 59,465, decided June 18, 1980.)

The petitioner now asserts that his right to due process of law was violated when the trial court failed to grant his motion for a continuance which thereby denied petitioner of the counsel of his choice.

The petitioner had been charged with the offense for over a year and had retained an attorney, Ben D. Sudderth, for approximately the same period of time. On October 13, 1977, the petitioner was reindicted for the same offense. The reindictment amended the original indictment to include the serial number of the stolen tractor. Trial was set for Monday, October 17. Sudderth's partner, Keith Woodley, filed a motion to quash, a motion in limine, and a motion for continuance on the seventeenth. At the pretrial hearing Woodley appeared with the petitioner and requested a continuance until Sudderth could return and represent the accused. The petitioner testified that he had talked to Sudderth recently and made arrangements to meet him at his office on the seventeenth. When he arrived at the office he was informed Sudderth was trying a case in a different county. Windham asked Woodley to prepare a motion for continuance so that the proceeding would be delayed until Sudderth could defend him. Windham testified that he was unaware that Sudderth would not be present on the seventeenth and that he still wanted Sudderth to represent him. He added that he had never discussed the facts of the case with Woodley. Woodley testified that Sudderth informed him that Windham would be coming into the office on October 17. Woodley stated that Sudderth was involved in another trial in a different county which would probably last two days.

The record reveals that no prior motions for continuance were filed even though Sudderth was apparently aware of the scheduling conflict. The witnesses for the prosecution were present and ready to testify on October 17. The record from the pretrial hearing also reflects that it was discovered that the appellant was served with the new indictment on the same day as the hearing. Thus under Art. 26.03, V.A.C. C.P. the petitioner was entitled to be arraigned only after the expiration of two days. Woodley informed the court, "I'm not so concerned about the two days. I don't think it's going to make much difference whether we go to trial today or go to trial Thursday." The trial court, still concerned with the possible problem, later stated, " . . . my suggestion on that would be that we go ahead and serve that copy of the indictment upon him and go to trial on one of these other matters and set this for Thursday or next week. And that will eliminate that problem in it, . . . " Nonetheless Woodley subsequently waived the two day service of the indictment and waived arraignment.

The trial court informed Woodley he was willing to delay the reception of evidence until the following day to enable Sudderth to appear on the behalf of the defendant. The jury was then selected and testimony did not begin until the next day.

At the hearing on the application for writ of habeas corpus Woodley once again testified. He stated that at the time of the trial Sudderth had twenty years of experience to his five. He had not discussed the facts with Windham prior to October 17. He said that Windham had requested that he obtain a continuance. He added that he could not remember if he discussed the waiving of arraignment with the petitioner. The petitioner also testified at the hearing. He denied that he understood or knew about the waiver. He did not discuss the case with Woodley on the evening of October 17 and made no effort to contact Sudderth that night. With these facts in mind we now turn to the merits of petitioner's claim.

The petitioner does not contend that he was denied effective assistance of counsel. The record reflects that the petitioner was

ably represented and this Court has repeatedly held that a denial of a continuance will not be a basis for ineffective assistance of counsel when the accused was ably represented. *Moreno v. State,* 587 S.W.2d 405 (Tex.Cr.App.1979); *Cerda v. State,* 557 S.W.2d 954 (Tex.Cr.App.1977); *Miller v. State,* 537 S.W.2d 725 (Tex.Cr.App.1976), cert. denied 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 547 (1977); *Taylor v. State,* 507 S.W.2d 563 (Tex.Cr.App.1974); *Payton v. State,* 503 S.W.2d 787 (Tex.Cr.App.1974). Rather, the petitioner's contention is that by overruling his motion for continuance the trial court denied him his right to be represented by counsel of his own choice.

■ The Supreme Court has long recognized that an accused "should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Chandler v. Fretag,* 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954). However the right to obtain counsel of one's own choice is neither unqualified nor absolute. *United States v. Barrentine,* 591 F.2d 1069 (5th Cir. 1979); *Gandy v. Alabama,* 569 F.2d 1318 (5th Cir. 1978). Thus that right must be balanced with a trial court's need for prompt and efficient administration of justice.

The Supreme Court in *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964) stated:

"The matter of continuance is traditionally with the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." [citations omitted.]

■ In reviewing the circumstances of each case various factors must be weighed against one another. While not a complete listing, some of the factors include the following: (1) the length of the delay requested, (2) whether other continuances were requested and whether they were denied or granted, (3) the length of time in which the accused's counsel had to prepare for trial, (4) whether another competent attorney was prepared to try the case, (5) the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court, (6) whether the delay is for legitimate or contrived reasons, (7) whether the case was complex or simple, (8) whether a denial of the motion resulted in some identifiable harm to the defendant, (9) the quality of legal representation actually provided. *United States v. Burton,* 584 F.2d 485 (D.C.Cir.1979); *Gandy v. Alabama,* supra; *United States v. Leavitt,* 608 F.2d 1290 (9th Cir. 1979). In addition to all of these factors, it must be remembered that the public interest in the fair and orderly administration of justice may be greater than a defendant's right to have counsel of his choice. Cf. *United States v. Kitchin,* 592 F.2d 900 (5th Cir. 1979).

■ Reviewing the facts, as already outlined, at first glance it appears that the circumstances weigh in favor of the conclusion that the trial court abused its discretion. Woodley had not talked to petitioner about the case. The petitioner was unaware that Sudderth would be absent. The delay, while not specified in the motion, would apparently be short. No other motions for continuance were filed. However, we conclude that the controvening circumstances were sufficient such the trial court's decision to deny the motion for continuance was not an abuse of discretion. The petitioner had been indicted for over a year. The prosecution had its witnesses ready and present for trial, some of whom were from outside of the county. The petitioner was afforded an opportunity to contact Sudderth between the selection of the jury and the starting of the case in chief but chose not to do so. More telling was the waiver

of the two days under Article 26.03, supra, and Woodley's statement that it would not matter if they went to trial on Monday or waited until Thursday. The trial court had expressed a willingness to delay the trial for that reason but the petitioner nonetheless waived the time. The time waived would apparently have been sufficient to allow the return of the petitioner's counsel of choice. While the petitioner stated later he did not understand or knowingly waive the time, to the trial court at the time of the requested continuance, it must have appeared to the court that the petitioner was not sincere in his efforts to seek representation by Sudderth. We also note that while Woodley testified that he had not talked to Windham about the case, he was not totally unfamiliar with the case. He had prepared the pretrial motions and stated at the start of the pretrial hearing, "I filed a Motion to Quash the Indictment, and filed a Motion in Limine, which I discussed last Thursday or Friday with the District Attorney." The case was not complex and Woodley provided capable and effective assistance as counsel. Finally, the public's interest in effective administration of justice requires the result. A court cannot be expected to be constantly rearranging its schedule, with the subsequent impact upon others appearing before the court, when informed on the day set for trial that it is an inconvenient time for the defendant's counsel. To allow this would have the courts making time for the convenience of the attorney. We therefore conclude that in view of the entirety of the circumstances, the trial court did not abuse its discretion. *Miller v. State*, supra; compare *Richardson v. State*, 162 Tex.Cr.R. 607, 288 S.W.2d 500 (1956).

The relief requested is denied.

CLINTON, J., concurs in the result.

ROBERTS, Judge, concurring.

I agree that the relief sought by the applicant should be denied. However, I do not join the majority opinion because I do not believe the merits of the applicant's claim should be reached by the court.

The applicant challenges the trial court's decision not to grant him a continuance. The decision to grant or refuse a continuance is discretionary with the trial court. *Ashabranner v. State*, 557 S.W.2d 774 (Tex. Cr.App.1977); *Ewing v. State*, 549 S.W.2d 392 (Tex.Cr.App.1977). On direct appeal that decision can be challenged as an abuse of discretion. *Taylor v. State*, 612 S.W.2d 566 (Tex.Cr.App.1981); *Esquivel v. State*, 595 S.W.2d 516 (Tex.Cr.App.), cert. denied, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). However, the applicant did not raise this issue in his direct appeal. Instead, he has raised it for the first time in this collateral attack upon the validity of his conviction.

By reaching and deciding the merits of the applicant's petition, the court has opened the door to collateral attacks on virtually every decision of the trial court which involves discretion. If this type of claim can be raised for the first time in a collateral attack, what kind of claim could not be raised initially in a petition for writ of habeas corpus? Effectively, today's decision will give defendants two appeals to this court, one on direct appeal and one on post-conviction writ of habeas corpus. I cannot agree that this extraordinary writ can be used to raise this type of claim.

I concur only in the result.