In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00103-CR


______________________________




MICHAEL MARION ALLEN, SR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,608-2001




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Michael Marion Allen, Sr. was indicted on five charges of aggravated kidnapping, (1)
two charges of aggravated assault with a deadly weapon, (2) and one charge of felon in
possession of firearms. (3) By agreement between the State and Allen, all cases were
consolidated for purposes of trial, and in a single hearing, Allen waived formal reading of
the indictment on all charges and pled guilty to all charges and enhancements thereto, and
the trial court found him guilty on each cause. 

 Allen elected to have the jury decide his punishment. The jury returned a verdict
assessing punishment at seventy-five years' imprisonment. The trial court sentenced Allen
in accordance with the jury's verdict. Sentences on all causes were to run concurrently. 
Allen filed a timely notice of appeal.

 Allen raises two issues on appeal: 1) that the trial court committed reversible error
in failing to sustain his challenge for cause to a prospective juror; and 2) that the trial court
committed reversible error in excluding evidence favorable to him at punishment. One brief
was filed by each party for this case and all companion cases, raising the same issues in
each case.

Disposition

 We have reviewed both briefs and all the arguments raised therein in our opinion
issued this date in Michael Marion Allen, Sr. v. State of Texas, No. 06-01-00096-CR.

 For the reasons stated in that opinion, we affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: April 22, 2002

Date Decided: May 21, 2002


Do Not Publish

1. Nos. 06-01-00096-CR (Trial Court No. 16,597-2001); 06-01-00097-CR (Trial Court
No. 16,598-2001); 06-01-00099-CR (Trial Court No. 16,601-2001); 06-01-00100-CR (Trial
Court No. 16,602-2001); 06-01-00101-CR (Trial Court No. 16,603-2001).
2. Nos. 06-01-00102-CR (Trial Court No. 16,607-2001); 06-01-00103-CR (Trial Court
No. 16,608-2001).
3. No. 06-01-00098-CR (Trial Court No. 16.599-2001).


o 10 days to prepare for a proceeding but may\
waive the preparation time with the consent of the defendant in writing or on the\
record in open court. If a nonindigent defendant or an indigent defendant who has\
refused appointed counsel in order to retain private counsel appears without counsel\
at a proceeding after having been given a reasonable opportunity to retain counsel,\
the court, on 10 days\' notice to the defendant of a dispositive setting, may proceed\
with the matter without securing a written waiver or appointing counsel.
\
\
Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon 2005). McFarland does not argue that Article\
1.051(e) was violated, and the record affirmatively indicates that McFarland was given at least\
twenty-nine days\' notice.
\
'

var WPFootnote6 = '
Hoover testified Delk had been unreachable because Delk\'s wife had been in the hospital. \
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00119-CR
______________________________


FELISA MCFARLAND, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 04-F-0044-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Felisa McFarland appeals from her conviction pursuant to a guilty plea


 before the trial court
based on three indictments for forgery. Three appeals are presently pending before this Court. When
McFarland appeared for jury selection March 1, 2005, Paul Hoover, McFarland's recently retained
attorney, filed a motion for continuance alleging insufficient time to prepare for trial. The trial court
denied the motion, and McFarland pled guilty to all three charges. On March 14, 2005, the trial
court sentenced McFarland to eighteen months' imprisonment for each charge of forgery, with the
sentences to run concurrently. McFarland raises identical issues and makes identical arguments in
all three of the appeals.


 McFarland's sole issue on appeal is that the trial court abused its discretion
in denying her motion for continuance. We affirm.
            The trial court's ruling on a motion for continuance is reviewed for abuse of its discretion. 
Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000); Heiselbetz v. State, 906 S.W.2d 500
(Tex. Crim. App. 1995); see Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 1989). A trial court
abuses its discretion when it acts arbitrarily or unreasonably without reference to guiding rules or
principles. See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). An abuse of
discretion is shown only when the trial court's ruling lies outside the "zone of reasonable
disagreement." Montgomery, 810 S.W.2d at 391 (op. on reh'g). A motion for continuance must be
in writing and sworn to preserve the issue for appellate review. Dewberry v. State, 4 S.W.3d 735,
755 (Tex. Crim. App. 1999). The motion for continuance in this case is in writing and sworn to by
McFarland's attorney.
            The right to assistance of counsel requires that the accused "should be afforded a fair
opportunity to secure counsel of his own choice." Powell v. Alabama, 287 U.S. 45, 53 (1932);
Ex parte Windham, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982). The right to obtain counsel of
one's own choice, however, is not unqualified or absolute. Windham, 634 S.W.2d at 720. A
defendant may not manipulate his or her right to secure counsel of defendant's choice in a manner
which obstructs the judicial process or interferes with the administration of justice. Rosales v. State,
841 S.W.2d 368, 374 (Tex. Crim. App. 1992); see King v. State, 29 S.W.3d 556, 566 (Tex. Crim.
App. 2000). In reviewing the circumstances of each case to determine whether to grant a
continuance, the trial court should weigh the following factors: 
(1) the length of the delay requested, (2) whether other continuances were requested
and whether they were denied or granted, (3) the length of time in which the
accused's counsel had to prepare for trial, (4) whether another competent attorney
was prepared to try the case, (5) the balanced convenience or inconvenience to the
witnesses, the opposing counsel, and the trial court, (6) whether the delay is for
legitimate or contrived reasons, (7) whether the case was complex or simple,
(8) whether a denial of the motion resulted in some identifiable harm to the
defendant, (9) the quality of legal representation actually provided. 
Windham, 634 S.W.2d at 720; Greene v. State, 124 S.W.3d 789, 793–94 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref'd). The appellate court should not reweigh the Windham factors, but rather only
determine whether the trial court could have reasonably concluded that the fair and efficient
administration of justice weighed more heavily in favor of denying the motion. Greene, 124 S.W.3d
at 794.
            When the trial court denied the motion for continuance March 1, 2005, all three charges
against McFarland had been pending for over a year.


 This was McFarland's ninth court appearance
in this case. Two of the charges had originally been set for jury trial July 6, 2004.


 After obtaining
one continuance, the case was reset for August 30, 2004, for the purpose of entering a guilty plea. 
On August 30, 2004, the case was reset for jury trial February 1, 2005. At the trial announcement
January 31, 2005, McFarland expressed a desire to hire another attorney to replace her attorney, John
Delk. The trial court granted McFarland a four-week continuance to hire another attorney, but
informed her that the case would be going to trial in four weeks. The three cases were set for jury
trial March 3, 2005. McFarland did not retain another attorney until February 22, 2005—seven days
before trial. Before jury selection March 1, 2005, Paul Hoover, McFarland's recently retained
attorney, requested a continuance because he was not sufficiently prepared for trial. When the trial
court denied the motion, McFarland pled guilty to all three counts of forgery.
            McFarland argues that the trial court abused its discretion in denying the motion for a
continuance because Hoover had less than seven days to prepare for trial, had other obligations, and
had been unable to procure McFarland's file from Delk. In addition, McFarland argues that the
complexity of the case and the fact that no motion had been filed contesting the voluntariness of her
confession were further reasons her motion for continuance should have been granted.


 
            A few of the Windham factors do favor granting of the continuance. As discussed above,
Hoover, McFarland's counsel, had been retained only seven days before the hearing. Hoover testified
he had not been able to secure the file. He testified that he had a prior obligation the day before jury
selection and that the State's attorney had been out of town. 
            Although a few of the Windham factors favor the granting of a continuance, several of the
factors weigh against a continuance. Other continuances had been granted, and all three cases had
been pending for over a year. In addition, the cases, despite McFarland's claim otherwise, were
relatively simple. There is no evidence concerning whether a denial of the motion resulted in some
identifiable harm to McFarland. In addition, the inconvenience to the witnesses—who had already
been subpoenaed twice—and the inconvenience to the trial court was considerable. As discussed
above, the case had already been rescheduled on numerous occasions. Even though Hoover testified
he had been unable to contact Delk,


 there is no evidence that Hoover attempted to obtain discovery
through other means. The Bowie County District Attorney's Office had provided voluntary
discovery to Delk. While Hoover did attempt to set up a meeting with the State's attorney the day
before jury selection, there is no evidence he requested discovery. "A court cannot be expected to
be constantly rearranging its schedule, with the subsequent impact upon others appearing before the
court, when informed on the day set for trial that it is an inconvenient time for the defendant's
counsel." Windham, 634 S.W.2d at 721. Given the prior delays and the tardiness in retaining an
attorney, the trial court could have reasonably concluded that the interest in fair and efficient
administration of justice outweighed the factors in favor of granting the continuance.
            Further, to establish an abuse of discretion, there must be a showing that the defendant was
actually prejudiced by the denial of his or her motion. Janecka v. State, 937 S.W.2d 456, 468 (Tex.
Crim. App. 1996); Heiselbetz, 906 S.W.2d at 511. "The bare assertion that counsel did not have
adequate time to interview the State's potential witnesses does not alone establish prejudice." 
Heiselbetz, 906 S.W.2d at 512. McFarland criticizes her court-appointed attorney for not filing a
pretrial motion challenging the voluntariness of her confession. However, McFarland fails to
demonstrate that she was prejudiced by the inability of her retained counsel to file a motion
challenging the voluntariness of the confession. McFarland has failed to advance any arguments
concerning why her confession was not voluntary and could have challenged the voluntariness of
the confession at trial, if the case had proceeded to trial. Further, McFarland has provided no
evidence concerning harm. In view of the entirety of the circumstances, we are unable to conclude
the trial court abused its discretion.
            For the reasons stated, we affirm.




                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          February 1, 2006
Date Decided:             February 23, 2006

Do Not Publish