Opinion filed August 7, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 7,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00189-CR

                                                    __________

 

                                     FREDDY DE LA PAZ, Appellant 

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

                                                         Gaines
County, Texas

                                                  Trial
Court Cause No. 00-3060

 



 

                                             M
E M O R A N D U M   O P I N I O N








This
is an appeal from a judgment revoking community supervision.  The trial court
convicted appellant, upon his plea of guilty, of the state jail felony offense
of theft and assessed his punishment at confinement for two years and a $1,000
fine.  The trial court suspended the imposition of the sentence and placed
appellant on community supervision for five years.  After the State filed an
application to revoke appellant=s
community supervision, the trial court modified appellant=s community supervision by,
among other things, extending the term of the community supervision for a
period of three years.  The State filed an application and an amended
application to revoke appellant=s
community supervision.  After an evidentiary hearing, the trial court found
that appellant had violated the terms and conditions of his community
supervision, revoked his community supervision, and imposed a sentence of two
years confinement and a fine of $1,000.  In his sole issue on appeal, appellant
contends that the trial court abused its discretion in denying his motion for
continuance.  We affirm.

On
January 11, 2007, the State filed its application to revoke appellant=s community supervision. 
On March 29, 2007, the trial court appointed counsel to represent appellant. 
In April 2007, the trial court set the State=s
application to revoke for hearing on June 1, 2007, at 9:00 a.m.  On May 18,
2007, the State filed its amended application to revoke.

On
June 1, 2007, the morning of the hearing, appellant=s counsel, Arthur Aguilar Jr., filed a motion
for continuance.  In the motion, Aguilar stated that, on May 31, 2007,
appellant=s family had
hired counsel, Barry Crutchfield, to represent appellant.  Aguilar also stated
that appellant=s
family had told him that Crutchfield was in hearings that morning.  Aguilar
sought a continuance for thirty days or, alternatively, for one week or,
alternatively, for four hours.  The State opposed the motion for continuance.

The
trial court heard appellant=s
motion for continuance.  Aguilar stated that he had learned from appellant=s family that morning that
they had hired Crutchfield.  Crutchfield had not filed a notice of substitution
of counsel, and the trial court had not received any communication from
Crutchfield or his office indicating that he intended to represent appellant. 
The trial court denied appellant=s
motion.








We
review a trial court=s
ruling on a motion for continuance for abuse of discretion.  Gallo v.
State, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); Janecka v. State,
937 S.W.2d 456, 468 (Tex. Crim. App. 1996).  In a criminal proceeding, the
accused has the right to assistance of counsel, and the accused Ashould be afforded a fair
opportunity to secure counsel of his own choice.@ 
Powell v. Alabama, 287 U.S. 45, 53 (1932); Ex parte Windham, 634
S.W.2d 718, 720 (Tex. Crim. App. 1982).  However, the right to obtain counsel
of one=s choice is
neither unqualified nor absolute.  Windham, 634 S.W.2d at 720.  An
accused may not manipulate his or her right to select counsel in a manner that
obstructs the orderly procedure of the courts or interferes with the fair
administration of justice.  Robles v. State, 577 S.W.2d 699, 704 (Tex.
Crim. App. [Panel Op.] 1979); Coleman v. State, 188 S.W.3d 708, 722
(Tex. App.CTyler 2005,
pet. ref=d). We review
the record to determine whether the trial court could have reasonably concluded
that the fair and efficient administration of justice weighed more heavily in
favor of denying the motion.  Greene v. State, 124 S.W.3d 789, 794 (Tex.
App.CHouston [1st
Dist.] 2003, pet. ref=d).

At
the hearing on appellant=s
motion for continuance, the trial court stated that it had reviewed the file. 
The trial court also stated a number of observations:  that the revocation
hearing had been set on June 1, 2007, for more than a month; that Crutchfield
had not notified the court, either in writing or by telephone call, that he
intended to represent appellant; and that, if in fact, Crutchfield intended to
substitute as appellant=s
counsel, Crutchfield=s
office could have notified the court that morning.  The trial court concluded
that it would not Aallow
a delay for something that is basically unconfirmed by any attorney in the file
or by any telephone call to the Court or anything prior to the time for the
beginning of this.@ 
In addition to the trial court=s
observations, the record demonstrates that Aguilar was prepared to proceed with
the hearing and that the trial court=s
denial of appellant=s
motion for continuance did not result in harm to appellant.  The record does
not demonstrate when Crutchfield would have been prepared to proceed with the
hearing if he had wanted to represent appellant, and there is no indication in
the record that Crutchfield ever contacted the trial court in this case.  

We
conclude that the trial court did not act unreasonably in denying appellant=s motion for continuance. 
Appellant did not file his motion for continuance until the morning of the
hearing.  Crutchfield did not appear with appellant on the morning of the
hearing, and Crutchfield did not inform the trial court or appellant=s court-appointed counsel
of his willingness to serve as appellant=s
counsel.  The trial court did not abuse its discretion in denying appellant=s motion for continuance. 
We overrule appellant=s
sole issue.

We
affirm the trial court=s
judgment revoking appellant=s
community supervision.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

August 7, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.