# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00460-CR

**Santos Suazo, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NO. D-1-DC-07-500020, HONORABLE MELISSA YOUNG GOODWIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Santos Suazo of three counts of indecency with a child,

his stepdaughter, and the trial court sentenced him to seven years' imprisonment for each count. *See*

Tex. Penal Code Ann. § 21.11 (West Supp. 2010). On appeal, he complains that the trial court erred

in denying his motion for continuance. We affirm the trial court's judgments of conviction.

## Standard of Review

We review a trial court's ruling on a motion for continuance under an abuse of

discretion standard. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). To establish

that the trial court abused its discretion in denying a motion for continuance, the defendant must

show that he was actually prejudiced by the court's denial of the motion. *Id.* We consider the

circumstances of the case and the reasons given to the trial court at the time the request is made, and

we should bear in mind the "'general interest in the prompt and efficient administration of justice.'"

*Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978)). Some of the factors we should consider are the length of the continuance requested; whether other continuances were requested and whether they were granted or denied; the amount of time counsel had to prepare for trial; whether another attorney was prepared to try the case; the convenience or inconvenience posed to witnesses, opposing counsel, and the trial court; whether the reasons for requesting the continuance were legitimate or contrived; the complexity of the case; and the quality of representation the appellant received.[1] *Id.* (quoting *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982)).

**Procedural Background**

Appellant was arrested in January 2007. On January 29, 2007, appellant signed a form stating that he would retain his own attorney. In March 2007, a grand jury indicted appellant for three counts of indecency. Starting in January 2008, Jorge Pineda, appellant's attorney, filed several defensive requests, and the cause was set and reset for pretrial hearings multiple times.

---

[1] In *Rosales v. State*, the court of criminal appeals listed factors to be considered in determining whether a denial of a continuance is an abuse of discretion. 841 S.W.2d 368, 374 (Tex. Crim. App. 1992). The court included in the list whether the denial resulted in identifiable harm to the defendant. *Id.* However, in later cases, the court held, "To establish an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion." *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (citing *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995)). Thus, we interpret the court's opinions to mean that whether the defendant was harmed is not simply one factor of many to be considered. Instead, a defendant must show actual harm, relying on the other *Rosales* factors to help make that showing. *See id.*

Jury selection began on Monday, April 14, 2008, and trial began on Tuesday, April 15. On Friday, April 11, the trial court held a hearing during which Pineda made an oral request for a two-week continuance of the next week's trial setting, saying he had spoken to appellant, who was "adamant" that he would not accept a plea and wanted to go to trial. Appellant told Pineda that "if he has to spend the rest of his life in jail, he will, but he didn't do this, and he wants a trial." Pineda had spoken to appellant about the need for an expert and thought he had found an expert in Houston. He said, "I know that your docket resolved itself so we're standing right in front of you naked, but then again, we've got one chance at this. And give me two weeks, give me a short recess, and I'll be ready." Pineda also noted that the day before the hearing, the State had produced about 110 pages of the victim's school records and that Pineda had not had a chance to review them yet.

The State opposed appellant's motion, saying,

> They put this on the jury docket months ago. We picked this date. I let them know Sosa was first, but this was going to be number two. Prior to that, they filed motions. . . . They've known this has been set. The offer was five TDC. It has never changed. I brought my victims and witnesses in multiple times. This is not a surprise to them at all. And there is no good cause being shown whatsoever.

The State noted that the motion was being made the Friday before the parties were to pick a jury the following week and that "[e]veryone has announced ready." The State's attorney also remarked that he had reviewed the school records and did not believe they would be beneficial to appellant. He said he did not plan to introduce the records "unless they open the door." The State asserted that it had taken only twenty minutes to review the records and that the State did not intend to introduce them into evidence.

3

The court said,

> I appreciate [that appellant faced imprisonment]. I do. But then somebody is going to have stand—you know, if I grant this, eventually somebody is going to have to stand up on a mountaintop with me and scream with me, this judge intends to try a jury case. Do not put this on a jury docket unless you intend to try it. I mean, this is driving me batty. This is where they start. And I give people priorities. I try to give them a heads up, you're one, you're two, you're three, you're four. . . . And then they just drop, and then I'm left with nothing . . . If we were resolving them, the State had to—the State blinks and they have to dismiss or you-all blink and you have to enter a plea, that's one thing. But all people are doing is saying not ready. And quite frankly, that's what you're saying is not ready, after asking for this to be put on a jury docket.

The court said, "We're going to trial. I don't make this decision lightly, but fair warning to you-all, too, we're going to trial on all cases from here on out. If anybody announces ready and puts them on a jury docket, I mean it, everyone else now means it." The case proceeded to trial, and appellant was found guilty of all three counts and sentenced to three concurrent seven-year sentences.

Appellant filed a timely motion for new trial, complaining that he was harmed by the trial court's refusal to grant a continuance because his attorneys were unable to examine the late-disclosed school records, interview several witnesses, or retain an expert. Appellant attached affidavits from his attorneys. Pineda, his lead attorney, averred that he and his co-counsel, Elsa Ramos, met with appellant on March 19, 2008. During that meeting, they discussed the case, whether appellant might want to plead guilty, and costs, including expert witness fees, and appellant "made it very clear that he was not going to plead guilty." Pineda averred, "At that point we knew then that we were going to have to move forward on trial and that there were things we needed to do that had not been done, such as hire an expert and contact potential witnesses for trial." Appellant needed time to raise money to pay for an expert, and Pineda told appellant "that we would have time

4

to do all that . . . because we were on our first jury setting and we could ask for a continuance." Pineda was confident the continuance would be granted because it was his first request and it was intended "not for delay but for legitimate reasons." Pineda enumerated the following disadvantages suffered by appellant as a result of the trial court's denial of the request for a continuance: appellant was not able to interview the three pastors at the victim's church, one pastor's wife, the principal of Victory Christian School, the victim's teacher, or other students at the school; appellant was unable to contravene the State's sequence of events, factual allegations, or time line; appellant was unable to discover that the victim's pastors had met with the prosecutor and "voiced their doubts and concerns about [the] alleged victim's credibility"; appellant was unable to discover that the victim's mother found pornographic images on her children's computer after appellant moved out of the house and "appeared to now doubt the accusations" against appellant; appellant was unable to interview the victim's mother; appellant was unable to discover from two witnesses information related to a meeting they had with appellant; appellant was unable to investigate the family's dynamics and to explore "antagonistic feelings" between the children and appellant; and appellant was unable to retain Susan Robbins as an expert.

**Discussion**

Appellant argues that the trial court abused its discretion in denying his motion for continuance and that he suffered specific prejudice as a result.[2] Appellant argues that his attorneys

---

[2] As noted by the State, motions for continuance must generally be written and sworn, and a "motion for continuance not in writing and not sworn preserves nothing for review." *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999); *see* Tex. Code Crim. Proc. Ann. arts. 29.03 (criminal case may be continued "on the written motion" of State or defendant if sufficient case is

had only two days to prepare for trial, from Friday, April 11, to the morning of Monday, April 14.[3]

However, this overlooks the fact that appellant was charged in January 2007 and retained his attorney sometime before the end of January 2008.

Although appellant insists he was harmed because his attorneys were unable to interview witnesses, determine the witnesses' view of the victim's credibility, or retain an expert, the record reflects that the State disclosed its witness list in February and that appellant and his attorneys knew they were going to go to trial almost a month before the trial setting. Despite deciding in March that they were going to proceed to trial, counsel did not reset the case at that time for a later jury trial docket and instead left the cause set for April, assuming that they would receive a continuance. Pineda began representing appellant in late January, almost four months before trial. Appellant argues that he needed an additional two weeks, during which time his attorneys could have interviewed witnesses and uncovered any discrepancies or issues with the victim's credibility or family dynamic. But appellant provides no explanation of why counsel could not have interviewed the various witnesses or hired an expert witness sometime between February and April. *See Vasquez*

shown), 29.08 ("All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance.") (West 2006). Appellant's motion for continuance was made orally during a pretrial hearing, rather than through a written motion. Although we could hold that appellant waived any complaint related to the trial court's denial of his motion for continuance, in the interest of justice, we will address appellant's issue.

[3] Appellant states in his brief, "When the parties appeared on Friday, April 11, 2008, Appellant's counsel and the prosecutor were still discussing plea negotiations; however, when the negotiations fell through and when the cases set on the docket before Appellant's were resolved, Appellant found his case next set for trial." This is contrary, however, to Pineda's and Ramos's affidavits, in which they stated that at their meeting with appellant in March, almost one month before trial, appellant insisted that he would not accept a plea and wanted to go to trial. Pineda made statements to this effect at the pretrial hearing, when he said he had spoken to appellant, who was insisting on going to trial.

*v. State*, 67 S.W.3d 229, 240-41 (Tex. Crim. App. 2002) (trial court did not abuse discretion in denying continuance where counsel found out after voir dire that State would be calling co-defendant as witness). Further, appellant did not provide affidavits or other evidence showing what testimony he would have elicited from the witnesses had he been given the continuance, nor did he provide a report or other summary of what Susan Robbins would have testified to, saying only that he would have engaged Robbins "regarding family dynamics and the motivation the victim had to fabricate allegations of indecency." *See Janecka*, 937 S.W.2d at 468 (defendant did not explain that crucial testimony would have been given by potential witnesses; "That counsel merely desired more time to prepare does not alone establish an abuse of discretion."); *Heiselbetz v. State*, 906 S.W.2d 500, 511-12 (Tex. Crim. App. 1995) ("The bare assertion that counsel did not have adequate time to interview the State's potential witnesses does not alone establish prejudice. The assertion that counsel did not have time to adequately investigate medical records for potential mitigating evidence without any showing of harm likewise fails to establish an abuse of discretion. Absent a showing of prejudice, we can not hold that the trial court abused its discretion in overruling appellant's motion for continuance." (citations omitted)).

As for the school records that were disclosed the week before trial, appellant refers to those records, saying the State "had just completed delivery of 110 pages of required discovery," but does not make any argument that the records contained relevant information that appellant failed to discover in time for trial or that the records affected his attorneys' preparation or strategy for trial in any way. Pineda did not mention the records in his affidavit, the motion for new trial mentioned them only in passing, referring only to the late date of their disclosure, and the records were not

7

introduced at trial, attached to the motion, or otherwise introduced into the record. If the records were not relevant to the case, which the state of the record and appellant's motion for new trial would seem to indicate, appellant cannot show that he was harmed by their late production.

Although the request was appellant's first request for a continuance and Pineda asked for only two weeks of additional time, Pineda was retained more than two months before trial, the trial was not overly complex, the witnesses had been subpoenaed by the State, and Pineda presented a competent defense. *See Rosales*, 841 S.W.2d at 374; *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982). Appellant had one month during which he and his attorneys knew they were going to trial, and they knew the identities of the State's witnesses for two months before trial. The late-produced records were not introduced into evidence and seem not to have contained any relevant information. We cannot conclude that, based on this record and these circumstances, the trial court abused its discretion in denying appellant's request for a continance. *See Janecka*, 937 S.W.2d at 468 (defendant must establish specific prejudice). We overrule appellant's issue on appeal and affirm the trial court's judgments of conviction.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   December 10, 2010

Do Not Publish

8