ACCEPTED
13-15-00093-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/10/2015 5:27:05 PM
CECILE FOY GSANGER
CLERK

**Cause No. 13-15-00093-CR**

IN THE COURT OF APPEALS
THIRTEENTH JUDICIAL DISTRICT

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/10/2015 5:27:05 PM
CECILE FOY GSANGER
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**WALTER JAY WIKOFF**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Appeal from Cause Number S-14-3073-CR
In the 36th District Court of San Patricio County, Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S BRIEF**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REYNALDO A. PENA**
Attorney at Law
SBN 24042339
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
(361) 356-1882
(361) 356-1083 fax
rpena999@yahoo.com (E-mail)

**COUNSEL FOR APPELLANT**

**ORAL ARGUMENT IS REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Appellant/Defendant:                                Mr. Walter Jay Wikoff

Counsel for Appellant in the Trial Court:     Mr. David Klein
PO Box 2446
Corpus Christi, TX 78403
(361) 815-0053
(361) 882-0803 fax

Counsel for Appellant in the Courts       Mr. Reynaldo A. Pena
Of Appeals;                               555 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
(361) 356-1882
(361) 356-1083 fax

Counsel for the State of Texas in the     Michael Welborn
Trial Court and in the Courts of Appeal:   San Patricio County
District Attorney
PO Box 1393
Sinton, TX 78387
(361) 364-9390
(361) 364-9490

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................ii

TABLE OF CONTENTS ....................................................................iii

INDEX OF AUTHORITIES .................................................................v

STATEMENT OF THE CASE ..............................................................1

STATEMENT REGARDING ORAL ARGUMENT ...................................2

ISSUES PRESENTED ........................................................................2

STATEMENT OF FACTS....................................................................2

SUMMARY OF THE ARGUMENT .........................................................4

ARGUMENT ....................................................................................5

    **I.**      **The trial court erred in admitting evidence of an extraneous offense during the guilt-innocence stage of the trial** ........................................................................5

    **II.**    **The trial court erred in refusing to submit a jury charge instruction on criminally negligent homicide** ..........7

PRAYER FOR RELIEF ....................................................................11

CERTIFICATE OF SERVICE .............................................................12

CERTIFICATE OF COMPLIANCE........................................................12

# INDEX OF AUTHORITIES

*James v. State*, 763 S.W.2d 776 (Tex. Cr. App. 1989) ................................... 5

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984) .................. 5

*Banda v. State*, 890 S.W.2d 42, 59 (Tex.Cr.App. 1994), *cert. denied*, 515 U.S. 1105, 115 S.Ct. 2253 (1995) ....................................................... 5

*Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173 (1978) .......................... 6

*Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988) .... 7

*Rosales v. State*, 841 S.W.2d 368, 373-74 (Tex. Crim. App. 1992), *cert. denied,* 510 U.S. 949, 114 S. Ct. 393 (1993) ........................................ 8

*Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) ............... 8

**Statutes and Rules**

The Constitution of the United States, Amendment 6 .................. 2, 4, 5, 7, 11

**Cause No. 13-15-00093-CR**

IN THE COURT OF APPEALS
THIRTEENTH JUDICIAL DISTRICT

**************************************************************

**WALTER JAY WIKOFF**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee.

**************************************************************
Appeal from Cause Number S-14-3073-CR
In the 36th District Court of San Patricio County, Texas

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now, Appellant Walter Jay Wikoff, through his attorney of record, Reynaldo A. Pena, and submits his appellate Brief as follows:

**STATEMENT OF THE CASE**

This is an appeal from Wikoff's conviction on December 17, 2014, for Possession of Methamphetamine, a state jail felony. (CR, p. 39, 53) Wikoff plead not guilty and his jury trial began on December 16, 2014. (CR, p. 53) Wikoff was found guilty, and the trial judge assessed his punishment at two years state jail division, with the sentence suspended and Wikoff placed on 3 years community supervision. (CR, p. 39)

1

Wikoff filed his Notice of Appeal on February 4, 2015. (CR, p. 48)

## STATEMENT REGARDING ORAL ARGUMENT

Wikoff respectfully requests oral argument be granted in this case. Argument would benefit the Court in evaluating the issues raised on appeal.

## ISSUES PRESENTED

**I. The trial court erred by not allowing trial counsel to withdraw when an actual conflict of interest existed and was brought to the attention of the trial court judge before trial.**

**II. The trial court erred by depriving Wikoff of his 6th Amendment right to counsel of his choice by denying his request for a continuance in order to hire his own attorney.**

## STATEMENT OF FACTS

On or about February 4, 2014, Walter Jay Wikoff was at his residence where he was arrested by the Portland Police Department for having an active warrant. (RR Vol. 2, p. 57-58) Wikoff was transported to the police station to be booked, and after searching Wikoff's pockets officers testified they found methamphetamine. (RR Vol. 2, p. 57-59) The moment the officers claim to have found the methamphetamine was videotaped at the Portland police department. (RR Vol. 2, p. 60-63)

On December 16, 2015, Wikoff's trial attorney informed the trial

judge that Wikoff wanted to hire an attorney, moved to withdraw as counsel, and informed the trial court that he had a conflict of interest. (RR Vol. 2, p. 7-8) Wikoff's trial counsel moved to withdraw from the case on the day of but before the start of trial due to Wikoff believing he had received inadequate representation which created a conflict of interest. (RR Vol. 2, p. 8) Without any investigation, the trial court determined that did not constitute a conflict of interest. *See id*. The trial judge then asked Wikoff what his problem was with his lawyer, and asked him if it was because the lawyer did not get him the deal he wanted. *Id*. Wikoff explained that he wanted to spend more time with his lawyer, that he spoke with his lawyer at the courthouse and once at his office. *Id*. at 8-9. The trial court explained that the charges were brought by the State and that his lawyer could not get the case dismissed. *Id*. at 9. The trial court also explained that Wikoff's trial lawyer was an excellent lawyer, and further stated:

> [a]ctually I hate to tell you this, Mr. Wikoff, but I don't know your case and I don't know the complexity of it, but I know many lawyers that can pick up a case, a defense attorney, read it one time and try a case and get a not guilty verdict. They've got that kind of experience.

*Id*. at 10. Wikoff responded, "[w]ell, I sought other advice from other counsel and they seem to think differently." *Id*.

Wikoff then explained that his father was going to help him pay for an

3

attorney, and the trial court then denied Wikoff's lawyer to withdraw. *Id.* at 11. Wikoff responded "[w]ell, then, my destiny is already predetermined then." *Id.* Wikoff's trial attorney then stated that there was an April that was reset to September, and then a reset to the date of the trial. *Id.* The trial judge then stated that the trial would go forward, and Wikoff explained that the last reset was not at the defense's request. *Id.*

## SUMMARY OF THE ARGUMENT

The trial court erred by depriving Wikoff of his 6th Amendment right to counsel of his choice. Wikoff's trial counsel told the trial judge that he believed a conflict of interest existed between him and Wikoff. Retrial court did not adequately investigate whether there was an actual conflict of intent as is constitutionally required.

The trial court abused its discretion in deciding not to grant a delay of the trial so that Wikoff could retain counsel of his choice. In applying the requisite factors, the trial court abused its discretion in denying the continuance in order to hire his own lawyer. There is nothing to suggest that the reason was contrived. Wikoff was harmed because he was convicted of a felony trying to explain to the judge that he was not satisfied and/or comfortable going forward with his court-appointed lawyer who he believed represented him inadequately, that Wikoff felt there the outcome was

4

already predetermined, and that the trial court failed to conduct an investigation into whether there was an actual conflict of interest as was indicated by Wikoff's lawyer.

## ARGUMENT

**I. The trial court erred by not allowing trial counsel to withdraw when an actual conflict of interest existed and was brought to the attention of the trial court judge before trial.**

An actual conflict of interest exists if counsel must choose between advancing the interests of his or her client or advancing other interests. *James v. State*, 763 S.W.2d 776 (Tex. Cr. App. 1989). The Sixth Amendment of the United States Constitution provides the standard for effective representation at trial. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under *Strickland*, the test for determining effective representation is: 1) whether counsel's conduct was deficient, and 2) whether, but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. In order to meet the *Strickland* standard where conflict of interest has been raised, appellant must show that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected the lawyer's performance. *Banda v. State*, 890 S.W.2d 42, 59 (Tex.Cr.App. 1994), *cert. denied*, 515 U.S. 1105, 115 S.Ct.

5

2253 (1995).  If appellant can show an actual conflict existed then the second part of the *Strickland* test is met because there is a presumption that appellant was prejudiced.  *Id*. at 60.  When a conflict of interest is brought to the trial court's attention, the trial court has a constitutional obligation to investigate and determine whether an actual conflict exists.  *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173 (1978).

In this case, Wikoff's trial counsel tells the trial court that he believed there was a conflict of interest due to Wikoff believing his representation had been inadequate.  (RR Vol. 2, p. 8)  Wikoff explained to the trial court that he wanted to spend more time with his lawyer, and was cut off as he began to explain that he was concerned or disagreed with his lawyer agreeing to one-day preparation.  (RR Vol. 2, p. 9-10)  The trial court then explained that defense lawyers can pick up a case, read it once and try the case successfully.  (RR Vol. 2, p. 10)  Certainly a lawyer who picks up a case, reads it one time and tries the case is not effectively representing their client in accordance with *Strickland*, and this statement to Wikoff in no way helps the situation between client and lawyer, nor is it investigation in any way as to a potential conflict of interest.

The record is does not give a clear answer as to whether Wikoff's attorney had an actual conflict of interest because the trial court failed to

adequately investigate as is constitutionally required as set out in *Holloway, supra*. The trial court inquired only as to whether Wikoff and his lawyer had met at his lawyer's office (which he had), why Wikoff had not seen him more than once at his office. The rest of the record shows only that the trial court made the statements about trying a case after reading the file one time, and that there had been many settings so they were going to trial. The Trial court, not Wikoff or his lawyer, is required to investigate the conflict of interest brought up by defense counsel, and failed to meaningfully investigate the conflict other than asking how many times they have met. No questions were even asked of defense counsel, and Wikoff was cut off from explaining the conflict when he was discussing the one-day preparation. (*See* RR Vol. 2, p. 8-10) Due to defense counsel stating there was a conflict of interest, and the trial court failing to investigate in order to determine if an actual conflict existed, Wikoff's conviction and sentence should be reversed and remanded for a new trial.

**II. The trial court erred by depriving Wikoff of his 6th Amendment right to counsel of his choice by denying his request for a continuance in order to hire his own attorney.**

An accused has the right to select and be represented by an attorney of his or her choice. *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct.

1692, 1697 (1988); *Rosales v. State*, 841 S.W.2d 368, 373-74 (Tex. Crim. App. 1992), *cert. denied,* 510 U.S. 949, 114 S. Ct. 393 (1993).  If retained counsel is not present on the day of trial, the trial court has discretion as to whether to grant a continuance because the accused is not entitled to delay as part of his right to counsel of choice.  *Rosales*, 841 S.W.2d at 374.

When the trial court exercises its discretion in deciding whether or not to grant a delay, several factors should be considered: the length of the delay requested, whether other continuances were requested and/or granted, the length of time in which the accused's counsel had to prepare for trial, whether another competent attorney was prepared to try the case, the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court, whether the delay is for legitimate or contrived reasons, whether the case was complex or simple, whether a denial of the delay resulted in some identifiable harm to the defendant, and the quality of legal representation actually provided.  *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982).

The trial court used its discretion in denying to allow Wikoff time to hire a lawyer of his own choice.  However, the factors that the trial court should have used in using its discretion to deny Wikoff time to hire a lawyer and deny a delay of the trial show that the delay should have been granted.

Wikoff's lawyer told the trial judge that he wanted to hire his own lawyer, and Wikoff explained to the trial court that he had already been talking to a lawyer that his father would help him pay. (RR Vol. 2, p. 7, 10-11)

Wikoff or his lawyer did not ask for a certain amount of time so that factor was not even considered by the trial court.

As to whether other continuances were granted, it appears that trial was originally set for June 9, 2014, but was then set for a plea on October 6, 2014. (CR p. 52) On October 6, Wikoff stated he did not want to plea and was reset for trial on December 16, 2014 – the day trial actually went forward. (CR p. 52-53) Wikoff explained to the trial judge that the last reset was not at the request of the defense. (RR Vol. 2, p. 11) So although continuances, or resets, were granted it is still unclear why and who requested them.

Wikoff's trial counsel was appointed May 2, 2014, more than 7 months before the trial. This is certainly enough time for an attorney to prepare for trial, but Wikoff's complaint to the court was about what he thought was his lawyer's inadequate representation, and that his lawyer believed there was a conflict of interest. So while there may have been enough time to get prepared, it does not mean that the lawyer was prepared.

The record is clear that there was not another competent attorney

9

prepared to try the case on the day the trial began.

As to balancing convenience and inconvenience of the witnesses, this factor is in favor of delay. The State's first witness, Aaron Veulmann worked for the Portland Police Department in the same county as the trial court. (RR Vol. 3, p. 10) The next witness was Jonathon Quade, who also worked for the Portland Police Department. The next witness was Cynthia Zarragosa, who worked in Weslaco, also in South Texas. The final witness during guilt/innocence was Jennifer Rios, who worked for the Portland Police Department. (RR Vol.3, p. 31-32) Mr. Wikoff and the court's probation officer were the only witnesses that testified during sentencing. With only one witness who traveled from out of county, this factor weighs heavily in favor of Mr. Wikoff. There is no evidence that counsel for the State, Mr. Frank Errico, who works in the same building as the trial court, or defense counsel would be inconvenienced by a continuance.

Wikoff asked for a delay based on wanting to hire his own lawyer now that his father would help him pay. There is nothing to suggest that this reason was contrived. The record shows that Wikoff was set for a plea, did not want to plea, wanted a trial, and wanted a lawyer of his choice to represent him due to what he perceived was inadequate representation and a conflict of interest. There is no evidence that he was stalling for contrived

10

reasons, only for his constitutionally protected right to counsel of his choice and to a lawyer without any conflicts of interest.

This case was not complex. There were only 4 witnesses called in the guilt/innocence phase, and two witnesses called during sentencing. It is worth noting that Wikoff's lawyer called no witnesses and presented no evidence in its case in chief. There is harm in that Wikoff was convicted of a felony trying to explain to the judge that he was not satisfied and/or comfortable going forward with his court-appointed lawyer who he believed represented him inadequately, that Wikoff felt there the outcome was already predetermined, and that the trial court failed to conduct an investigation into whether there was an actual conflict of interest as was indicated by Wikoff's lawyer.

## PRAYER

Because the trial court erred in (1) not allowing trial counsel to withdraw when an actual conflict of interest existed and was brought to the attention of the trial court judge before trial, and (2) by depriving Wikoff of his 6th Amendment right to counsel of his choice by denying his request for a continuance in order to hire his own attorney, and such errors resulted in harm to Wikoff, he respectfully requests this Court reverse the trial court's judgment and remand for a new trial.

Respectfully submitted,

*/s/ Reynaldo A. Pena*
Reynaldo A. Pena
SBN 24042339
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78401
(361) 356-1882
(361) 356-1083 fax

## CERTIFICATE OF SERVICE

This is to certify that on August 10, 2015, a copy of this Brief was delivered to Frank Errico of the office of the San Patricio County District Attorney at P.O. Box 1393, Sinton, TX 78387, by e-file delivery.

*/s/ Reynaldo A. Pena*

## RULE 9.4 CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief is 2,271.

*/s/ Reynaldo A. Pena*