**Opinion filed November 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00342-CR

_____

## SALVADOR VICTORINO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR42114**

## M E M O R A N D U M   O P I N I O N

The jury convicted Salvador Victorino of continuous sexual abuse of a child and of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. §§ 21.02, 22.021(a)(1)(B)(v), (a)(2)(B) (West Supp. 2016). The jury assessed Appellant's punishment at confinement for a term of twenty-five years for his conviction for continuous sexual abuse of a child and for a term of ten years for his conviction for aggravated sexual assault of a child. The trial court sentenced Appellant

accordingly, denied the State's motion to cumulate Appellant's sentences, and ordered Appellant's sentences to run concurrently. We affirm.

In his sole issue on appeal, Appellant contends that the trial court violated his constitutional right to retain counsel of his choice. Specifically, Appellant claims that the trial court should have granted him a continuance so that he could have time to obtain new counsel in light of a conflict of interest that arose between him and his counsel at the time.

The Sixth Amendment of the United States Constitution and Article I, section 10 of the Texas constitution grant a defendant the right to counsel, including the right to obtain counsel of the defendant's choosing. *Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex. Crim. App. 2003). A defendant's right to employ and consult with counsel of his choosing is not, however, without limits in that a defendant cannot use this right as a tactic to delay the orderly procedure of the trial court or to interfere with the administration of justice. *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982); *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).

Appellant argues that he brought his request for new counsel to the trial court's attention within one week of discovering a conflict of interest between his court-appointed counsel and newly discovered evidence disclosed by the State. Appellant asserts that his request was not a tactic to delay the orderly procedure of the courts or to interfere with the administration of justice but was simply a request to obtain new counsel due to the recently discovered conflict of interest with his court-appointed counsel. In his brief to this court, Appellant did not explain or elaborate on the conflict of interest. He told the trial court that the conflict was "because of what [defense counsel] told me and the first time he said that my -- about the evidence that they thought they had and what -- and what came out at the end, what he told me at the end, two different things."

2

With regard to retaining a new attorney due to the alleged conflict of interest, Appellant told the trial court that he had talked to his daughter and that she was "working on it as we speak." The trial court told Appellant that Appellant was "always welcome to have an attorney of [his] choice, but the attorney has to be ready for trial on Monday." The trial court also told Appellant that there would not be any continuances granted. The trial court did not tell Appellant that he could not retain new counsel, nor did Appellant tell the trial court that he could not retain new counsel by the following Monday. Instead, the trial court explained to Appellant that he could retain new counsel, but regardless of who his attorney was, Appellant was scheduled for trial on Monday and would go to trial on Monday. The hearing occurred on Thursday, November 6, 2014, and the trial was set for Monday, November 10, 2014.

On Monday, Appellant's counsel stated that the defense was present and ready. New counsel did not appear on Appellant's behalf, and Appellant did not file a motion for continuance or specifically request a continuance.

The Texas Code of Criminal Procedure provides that "[a] criminal action may be continued on the written motion . . . of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006). In addition to the requirement that a motion for continuance be in writing, a motion for continuance must also be sworn to by a person that has personal knowledge of the facts relied upon in requesting the continuance. *Id.* art. 29.08. If a trial court denies a defendant's unsworn oral motion for a continuance, the defendant forfeits the right to complain about the denial on appeal. *Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009).

Here, Appellant not only failed to file a sworn written motion for continuance, but he also failed to expressly request a continuance to obtain counsel of his

3

choosing.  Appellant informed the trial court that he was working on obtaining new counsel, and the trial court told him that he was welcome to retain new counsel but that the court would not entertain a motion for continuance.  Appellant did not present any argument or evidence that he could not obtain new counsel of his choosing between the hearing on Thursday and the trial on Monday or that such counsel could not be ready to proceed to trial.  Nor did Appellant explain the precise issue that he had with his appointed counsel representing him.  In addition, although the court told Appellant that it would not entertain a motion for continuance, Appellant never actually moved for a continuance.  Furthermore, the record does not show that Appellant made any other steps toward securing new counsel between the hearing date and the trial date or that Appellant even chose a specific attorney to employ.

Because Appellant was not denied the right to select counsel of his choosing and because Appellant did not file a written motion for a continuance, we cannot say that the trial court abused its discretion when it instructed Appellant that he needed to be ready for trial on November 10 or that the trial court violated Appellant's right to obtain counsel of his choosing.  Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


November 30, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4