Affirmed and Memorandum Opinion filed March 24, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00832-CR



Cheryl Renee
Lett, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 212th District Court

Galveston County, Texas

Trial Court
Cause No. 08CR2004



 

MEMORANDUM OPINION 

Appellant Cheryl Renee Lett appeals her conviction
for manslaughter, claiming in a single issue that the trial court erred in
denying her requests to remove her retained legal counsel and offer her an
opportunity to obtain replacement counsel.  Finding no merit in appellant’s challenge,
we affirm the trial court’s judgment.

Factual and Procedural
Background

Appellant was charged with the felony offense of
murder, to which she pleaded “not guilty.”  The offense was alleged to have
occurred in June 2008, Appellant retained her own counsel and waived appointment
of counsel on June 24, 2008.

Trial originally was set for October 2008, but was
reset multiple times.  On June 30, 2009, appellant filed a document entitled
“Motion to Dismiss Court-Appointed Counsel.”  Despite the title of the motion, appellant
actually sought dismissal of her retained trial counsel and the appointment of
replacement counsel.  In the motion appellant refers to counsel Mark Aronowitz
as being appointed by the trial court ten months before appellant filed the
motion; Aronowitz was actually appellant’s retained counsel.  In her motion,
appellant complained that Aronowitz never visited her or informed her of the
status of her case and that Aronowitz had been confined on drug charges. 
Appellant named three other individuals or law firms that she asked the trial
court to consider appointing to serve as her counsel instead of Aronowitz. 
Appellant, claiming to be indigent, also filed a motion for appointment of
counsel.

The record contains a letter from the trial court
coordinator in response to appellant’s motion, which reads in pertinent part:

The Court has
received your motion for appointment of counsel.  I am unable to appoint you an
attorney because you have retained Mark Aronowitz to represent you on this
charge.  You need to contact your attorney and see if he is willing to file a
motion to withdraw.

Aronowitz, on July 1, 2009,
filed a motion seeking to withdraw as appellant’s retained counsel of record. 
Aronowitz cited a “fundamental and unalterable disagreement” with appellant
pertaining to the objectives to be pursued in preparing and presenting her
defense.  Aronowitz claimed that this disagreement impaired his ability to
exercise his professional judgment and jeopardized appellant’s right to
effective assistance of counsel.  In support of the motion, and as evidence
that appellant agreed with the request, Aronowitz attached as an exhibit
appellant’s “Motion to Dismiss Court-Appointed Counsel.”

At a hearing on the motion to withdraw on July 9,
2009, Aronowitz indicated that he filed the motion at appellant’s request.  The
trial court noted that the trial was set to commence in two weeks.  Appellant
indicated her desire to continue with this imminent trial setting and expressed
confusion as to why she was “still here.”  Appellant made a vague reference to
her pending “drug cases.”  Aronowitz explained to the trial court that
appellant had been in custody for over a year and had run out of money to pay
for his services and the services of an expert.  After a brief discussion about
DNA testing and the need to pay for appellant’s expert witness, the trial court
ruled, “I’m not taking you off this case.  We’re not starting offer [sic]
again.”  Aronowitz referred to appellant’s four older, pending cases as
contributing to her confinement for over a year; appellant again stated her
desire to continue to trial in the murder case with the current setting.  In
response, the trial court stated, “I’m ready to get this resolved [,] too. 
That’s what my intentions are.  If we get you a different lawyer we will have
to start all over.  I’m going to keep him.”  After consulting with the State,
the trial court determined that the murder case should be tried before the other
pending cases.  The trial court granted appellant’s request for funds for an
expert.  The trial court did not permit Aronowitz to withdraw.

One day before trial commenced on August 20, 2009, appellant
indicated she did not understand the plea-bargain process as it pertained to
the pending drug charges,[1]
but appellant stated that she was ready to proceed to trial on the murder
charge.  The trial court explained that the process can be complicated and,
referring to the training and education required of attorneys, stated, “That’s
why we appoint you a good lawyer to do that.”  Then, the following exchange
occurred:

[APPELLANT]:  Like I
said, I didn’t feel he was a good enough lawyer to go to trial[.]  When I
offered to fire him you wouldn’t let me.  Like I said everything I tried to do
in your court, ma’am you denied it.

[TRIAL COURT]:  I’m
not going to deny you a right to trial.

[APPELLANT]:  I feel
like I’m in a no win situation.  I mean, but I’m prepared to go forward.

[TRIAL COURT]: 
Well, he’s actually done a very good job.  He’s actually brought a whole lot of
things to light and he actually been fighting very hard on your behalf.  He’s
brought up a whole lot of issues.  He’s worked very hard on this and you’re
very lucky to have him.  And if you want to hire somebody else in the event
that you want to just feel free to do that, but as long as we are paying for
it—I’ll make sure the person who represents you is qualified.  I’m very,
very diligent about that.  I will take them off the case in a heartbeat if I
think they’re not doing a good job, but he is doing a good job and we’re going
to proceed.  So, let’s go get the jury and bring them in and we’re going to
proceed.

[PROSECUTOR]:  Just
for the record so the record is clear Mr. Aronowitz was not appointed.

[TRIAL COURT]:  I’m
sorry.  You hired him?

[ARONOWITZ]:  Yes, I
have been retained.

[CLERK]:  Roberto
has been appointed on her drug case.

[TRIAL COURT]: 
Well, you hired him and, let’s go, we’re ready to go.

After a five-day trial, the jury found appellant guilty
of the lesser-included offense of manslaughter.  The jury found an enhancement
paragraph to be true, and the trial court sentenced appellant to imprisonment
for life.

Issue Presented

            In a single
issue, appellant challenges her conviction, claiming the trial court erred in
denying her requests to remove Aronowitz as her retained legal counsel. 

Analysis

The federal and Texas constitutions contemplate the
qualified right to obtain paid, non-appointed counsel of one’s choice.  See
United States v. Gonzalez-Lopez, 548 U.S. 140, 144, 126 S. Ct. 2557, 2561,
165 L. Ed. 2d 409 (2006); Gonzalez v. State, 117 S.W.3d 831, 836–37
(Tex. Crim. App. 2003).  The trial court is vested with discretion to determine
whether retained counsel should be allowed to withdraw from a case.  Green
v. State, 840 S.W.2d 394, 408 (Tex. Crim. App. 1992), overruled on other
grounds, Trevino v. State, 991 S.W.2d 849 (Tex. Crim. App. 1999).  The
right to counsel of one’s choice must be balanced with the trial court’s need
for prompt, orderly, effective, and efficient administration of justice.  See
Gonzalez, 117 S.W.3d at 837; Emerson v. State, 756 S.W.2d 364, 369
(Tex. App.—Houston [14th Dist.] 1988, pet. ref’d).  We consider the asserted
error in light of these principles and the particular facts of the case under
review.

Notably, after appellant filed her motion to dismiss
her trial counsel, which was followed by Aronowitz’s motion to withdraw, the
trial court conducted a hearing.  At the hearing the trial court noted that
trial was set to commence within two weeks.  Given the imminent trial setting,
the trial court acted within its discretion.  See Green, 840 S.W.2d at 408
(concluding trial court did not abuse discretion in denying retained counsel’s
motion to withdraw just over one month away from trial); see also King v.
State, 29 S.W.3d 556, 565–66 (Tex. Crim. App. 2000) (concluding trial court
did not abuse its discretion in denying appointed counsel’s motion to withdraw
two weeks before scheduled jury selection).  The trial court did not abuse its
discretion in denying appellant’s motion to dismiss filed two weeks before
trial was set to commence.  See Green, 840 S.W.2d at 408; see also
King, 29 S.W.3d at 565–66.

Although trial was reset once more before the actual
trial commenced, appellant waited until the day of jury selection to again request
the trial court to allow Aronowitz to withdraw from the case.  An accused may not
wait until the day of trial to demand different counsel or to request that
counsel be dismissed in order to retain different counsel.  See Webb v.
State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).  The untimely nature of
appellant’s request was problematic for several reasons.

The record reflects that appellant paid Aronowitz in
June 2008, and the trial court concluded that Aronowitz had devoted a great
deal of time and effort in the preparation of appellant’s defense.  See King,
29 S.W.3d at 566 (considering fact that counsel had worked on the case for
several months and filed a number of pretrial motions).  Given the amount of
time and effort Aronowitz already had invested in appellant’s case, a
substitution of counsel would have necessitated another delay of trial.  See
id.  Furthermore, at the hearing on the motion to withdraw, appellant
seemed far more interested in moving forward with the trial than in her
dissatisfaction with Aronowitz’s representation.  See id. (involving an
accused who failed to express dissatisfaction with counsel at hearing on motion
to withdraw).  Moreover, appellant does not assert that Aronowitz performed inadequately
at trial.  See Green, 840 S.W.2d at 408 (considering counsel’s
representation in a determination as to whether trial court abused its
discretion in denying motion to withdraw).  Before trial, the trial judge noted
that Aronowitz had done a “very good job” in his representation of appellant in
that he “actually brought a whole lot of things to light,” he fought “very
hard” on appellant’s behalf, and “brought up a whole lot of issues.”  

Although appellant asserts that the trial court’s
docket could not have been “such an overriding concern” that appellant could
not have been afforded more time to secure other counsel, the record reflects
that trial had been reset at least six times.  See Green, 840 S.W.2d at
408 (noting that case already had been reset once in concluding that trial
court did not abuse its discretion in denying motion to withdraw counsel).  Additionally,
at both the hearing on the motion to withdraw and the day before trial
commenced, appellant indicated more than once that she wished to proceed to
trial and announced “ready.”  To the extent appellant claims the trial court
erred in failing to allow reasonable time to retain or appoint new counsel,
appellant did not seek a continuance at trial for this purpose.  See Ex
parte Windham, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (enumerating
factors for consideration in a determination of whether to grant a continuance
for the absence of an accused’s choice of counsel).  Under the circumstances,
we cannot say that the trial court abused its discretion in denying appellant’s
request to allow Aronowitz to withdraw as her retained legal counsel.  See
Green, 840 S.W.2d at 408–409.  We overrule appellant’s sole issue on
appeal.

The trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
The record is not entirely clear, but, at one point, the State had offered a
plea bargain relating to the pending drug charges.  Appellant had rejected the
offer, and the offer was no longer available at the time of trial.